# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JIM SERGISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07-CV-1295 |
| CATERPILLER, INC., | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff pursues, pro se, an apparent qui tam action against Defendant Caterpiller, Inc.. Caterpillar and Intervenor U.S.A. have both moved to dismiss on various grounds.

A qui tam action cannot be brought by an individual proceeding pro se. U.S. *ex rel.* Friedrich Lu v. Ou, 368 F.3d 773, 775 (7th Cir. 2004)(agreeing with Eight Circuit that "a pro se relator cannot prosecute a qui tam action, because he is acting as an attorney for the government."). Plaintiff does not dispute this, nor does he ask for more time to find an attorney. Plaintiff instead challenges the United State's decision to decline intervention, which effectively leaves him without representation. The

federal government, though, has the right to decline intervention, regardless of the wisdom of that decision. 31 U.S.C. § 3730(b)(4). The Court cannot override the government's declination.

Accordingly, to the extent Plaintiff pursues a qui tam action, it must be dismissed because he is not represented by an attorney. The Court does not believe that giving Plaintiff additional time to find an attorney would be fruitful, as it appears that Plaintiff has already diligently attempted to procure counsel without success. (d/e 22, p. 2, ¶ 2; d/e 8, p. 81,10/16/07 letter from law firm declining to pursue qui tam action).

That does not end the discussion, though. The parties do not address whether Plaintiff is attempting to state a retaliation claim under the False Claims Act. Given Plaintiff's pro se status, the Court addresses that possibility. Ortiz v. Downey, 561 F.3d 664, 670 (7th Cir. 2009)("Litigants need not plead legal theories . . . .").

31 U.S.C. § 3730(h) provides in pertinent part:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee . . . in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole....

A retaliation claim under this section is separate from a qui tam action. Fanslow v. Chicago Mfg. Center, Inc., 384 F.3d 469, 479 (7th Cir. 2004).

The Court reviews Plaintiff's allegations under federal notice pleading standards to determine whether an FCA retaliation claim is stated. Under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). Plaintiff's "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that he is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), *citing* Twombly, 127 S.Ct. 1955.  In applying this standard,

pro se pleadings are liberally construed.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

Applying this standard to Plaintiff's Complaint and Amended Complaint, the Court concludes that Plaintiff does not state a claim for retaliation under 31 U.S.C. § 3730(h).  Plaintiff appears to assert that Caterpillar employees engaged in unethical/illegal/fraudulent conduct and that he was retaliated against for exposing that conduct internally and trying to set it right.  However, no inferences arise that Plaintiff's actions taken while he was an employee at Caterpillar were "in furtherance of an action" under the False Claims Act.  An action under the False Claims Act regards defrauding the U.S. government, not all fraudulent conduct.  31 U.S.C. § 3729(a).  Plaintiff's exhibits regard his attempts to investigate and correct misconduct by Caterpillar employees which apparently involved overbilling customers, covering up that overbilling, defrauding Caterpillar, and retaliating against Plaintiff.  No plausible inference arises, though, that Plaintiff's efforts were directed at investigating or stopping fraud on the federal government.

For example, Plaintiff notified Caterpillar authorities in a July, 2006 e-mail that David Binter (a Caterpillar employee) was stealing from facility

40. (d/e 1, p. 71, 7/21/06 e-mail from Plaintiff; see also p. 29, e-mail from Plaintiff reporting that "[t]he agendas of some people are clearly not in the best interest of Fac. 40; see also, p. 6, 10/13/06 letter to Detective Blair, in which Plaintiff stated that David Bitner had been "lying and stealing from Cat Facility 40" and that Bitner had threatened Plaintiff and damaged his property after Plaintiff began investigating).[1]  While at Caterpillar, Plaintiff also reported to Caterpillar authorities that a supervisor had promised to promote him if Plaintiff would put money in an off-shore account. (d/e 8-3, p. 9). Plaintiff's perseverance into these improprieties allegedly brought further retaliation against him, attempts to harm him, cover-up, and several allegedly suspicious deaths of employees working at or connected to Facility 40. It appears that Plaintiff was suspended in July 2006 for making false statements. (d/e 8, p. 161)(letter from Plaintiff denying any false statements, asserting that he had a duty to "identify those stealing and those perpetrating fraud" and asking whether "the company pursued my notification of theft and fraud against Cat Inc. and Fac. 40?"). Plaintiff was terminated in September, 2006. (d/e 1, p. 81, Caterpillar discharge letter).

---

[1] It appears that Plaintiff may have filed police reports about these incidents.

These allegations do not give rise to an inference that Plaintiff's efforts were in furtherance of an FCA action. As far as the Court can discern, the only allegations that appear to relate to defrauding the U.S. government are set forth in Plaintiff's analysis dated November 2007, more than a year after he was discharged. (d/e 1, p. 10); *see* Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd., 277 F.3d 936, 945 (7th Cir. 2002)(no FCA retaliation claim where relator exposed violation of medicare billing regulations but did not threaten a qui tam action or bring one until after discharge). According to this analysis, assembly work instructions were intentionally written to require the use of incorrect component(s), which led to alleged overbilling for parts. For example, Plaintiff allegedly investigated and discovered that over $1,000.00 was being charged for a $6.00 part, and that the part required by the written work instructions was not required at all. Plaintiff states in this analysis that the "quantity . . . ultimately sold to the gov't is perhaps best ascertained by the gov't, however . . . [this product is] heavily weighted toward eventual gov't sales. This type product is commonly sold to contractors such as Oshkosh or Ratheon for installation into military vehicles." (d/e 1, p. 10).

The Court is not sure it follows how the alleged intentional overbilling of non-government customers amounted to presenting, or causing to be presented, false claims to the federal government.  Plaintiff's allegations that the federal government was defrauded by the overbilling of non-governmental entities are too conclusory and vague to give notice of how the federal government was defrauded.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)("Legal conclusions, unsupported by alleged underlying facts, are not entitled to "the assumption of truth."); Siegel v. Shell Oil Co., 480 F.Supp.2d 1034 n.1 (N.D. Ill. 2007)(an FCA action requires that the defendant made a false statement in order to obtain money from the federal government); U.S. *ex rel.* Kennedy v. Aventis Pharmaceuticals, Inc., 512 F.Supp.2d 1158, 1167 (N.D. Ill. 2007)(FCA claims must be pled with particularity under Fed. R. Civ. P. 9(b)).

In any event, even assuming that the overbilling did somehow defraud the federal government, no inference of an FCA retaliation claim arises.  No plausible inference arises that Plaintiff was taking steps "in furtherance of an action" under the False Claims Act when he notified Caterpillar authorities of the alleged misconduct.  Plaintiff notified Caterpillar that some of its employees were committing fraud and theft, but no plausible inference

arises that Plaintiff believed or alerted anyone that fraud was being perpetrated *against the federal government*. See Fanslow v. Chicago Mfg. Center, Inc., 384 F.3d 469, 480 (7th Cir. 2004)(to make out FCA retaliation claim employee must believe in good faith that the employer was defrauding government and "a reasonable employee in the same or similar circumstances might" reach the same conclusion)(citation omitted); Brandon v. Anesthesia & Pain Management Assoc. Ltd., 277 F.3d 936, 944-45 (7th Cir. 2002)(employee's report to shareholders of medicare billing violations would not state FCA retaliation claim where employer was not on notice that a qui tam action was a "'distinct possibility'")(citations omitted); U.S. *ex rel.* Kennedy v. Aventis Pharmaceuticals, Inc., 512 F.Supp.2d 1158, 1168 (N.D. Ill. 2007)(former employee's allegation that she was retaliated against for reporting fraudulent off-label marketing did not state FCA retaliation claim, because there was no suggestion that she informed employer that federal government was being defrauded or "that she was pursuing or assisting in making an FCA claim.")(leave to amend given); U.S. *ex rel.* Batty v. Amerigroup Illinois, Inc., 528 F.Supp.2d 861, 877-78 (N.D. Ill. 2007)(no FCA retaliation claim stated where relator had advised supervisors of medicaid contract violations)(leave to amend given). Plaintiff's analysis about how

the alleged fraud could have affected the federal government appeared *after* he was suspended and terminated.

The Court therefore concludes that Plaintiff's Complaint states no claim for FCA retaliation. Further, it does not appear based on the Court's review of the Amended Complaint and Complaint, that Plaintiff will be able to amend his Complaint to state an FCA retaliation claim. Accordingly, the Court will recommend dismissal of this claim with prejudice.

Plaintiff may also be attempting to pursue claims based on state law, as his Amended complaint alleges torts like "defamation, property destruction, intentional misrepresentation and nondisclosure misrepresentation, interference with economic relations." (d/e 8, p.1). The federal courts, however, have limited power. A federal court only has the power to decide state claims if they: 1) are supplemental to federal claims ("supplemental jurisdiction");[2] or 2) are between citizens of different states ("diversity jurisdiction").[3] As discussed above, the Court sees no federal claim, so there can be no supplemental jurisdiction. And, both Plaintiff and

---

[2] 28 U.S.C. Section 1331 (federal district court has power to hear "actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. Section 1367(a)(describing supplemental jurisdiction).

[3] 28 U.S.C. § 1332(a). Caterpillar's principal place of business is Illinois (d/e 16 p.3), and Plaintiff lists his address as Peoria, Illinois.

Caterpillar appear to be citizens of Illinois, so no diversity jurisdiction exists. The federal district court therefore does not have the jurisdiction to hear Plaintiff's state claims. To the extent state claims exist, they must be pursued in state court.

WHEREFORE, the Court RECOMMENDS that Defendants' Motions to Dismiss be granted (d/e's 16, 18). Specifically, the Court recommends that: 1) the qui tam action be dismissed because Plaintiff is not represented by an attorney: 2) the Complaint be dismissed, with prejudice, for failure to state an FCA retaliation claim; and 3) any state claims be dismissed, without prejudice, for lack of subject matter jurisdiction.[4]

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

---

[4] Given this recommendation, the Court need not address Caterpillar's other arguments for dismissal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  See also Local Rule 72.2.

ENTER:    November 24, 2009

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE